# DECISIONS

## OF THE

## COMMON PLEAS AND PROBATE COURTS OF OHIO,

### ALSO OF THE

## SUPERIOR COURT OF CINCINNATI,

### SPECIAL AND GENERAL TERMS.

---

(Hamilton County Probate Court.)
October, 1897.
IN RE ADMISSION TO PROBATE OF THE WILL OF GEORGE H. WILLIAMSON, DECEASED.

Any instrument, however formally executed, under whatever name the testator may adopt, does not make a last will and testament in law, unless there shall be found plainly an intention to make such a disposition of property as can be seen from a plain reading of the instrument.

The mere designation of A and B as daughters, will not, in a will, make them heirs at law, even though declared solemnly in the presence of witnesses. This can only be done in the manner prescribed by statute for making one not born in lawful wedlock an heir at law, under sec. 4182 R. S.

---

FERRIS, J.

Application has been made in this court for the admission of the following instrument to probate:

"I, the undersigned, George H. Williamson, citizen of the United States of America and of the state of Ohio, legally domiciled in the city of Cincinnati, Ohio, but sojourning at the present at Paris, France, 182 Boulevard Saint Germain, for reasons of health (being) sick in body but of sound mind, at the moment of appearing before God (do) solemnly declare that I have always intended to return to my country and that the bad state of my health has prevented me from doing so. I declare that I am still a citizen of the state of Ohio and subject to its laws.

"I further solemnly declare that the two persons who live and have always lived with me and with their mother under the names of Georgette and Henriette Williamson are my legitimate daughters, issue of my union with Marguerite Grandcamp, who dwells with me (at) 182 Boulevard Saint Germain, Paris.

"I declare further that I expressly revoke all testamentary dispositions that I have heretofore made.

"In testimony whereof I have signed and sealed these presents this fourth (day) of December, eighteen hundred and ninety-six.

"(Signed)
"George H. Williamson.

"Signed and sealed and declared to be the expression of his last will by Mr. George H. Williamson in the presence of the subscribers, who at his request and in his presence and in presence of each other, have signed as witnesses the fourth (day of) December, eighteen hundred and ninety-six.

"———(name undecipherable),
"9 Ecole de Medicine, Paris, France.
"B. Gergaud,,
"32 Ave. de l'Opera, Paris, France."

It is contended that this instrument is, in law, the last will and testament of George H. Williamson, and as such is entitled to probate under the laws of Ohio.

Resistance is made to probate by parties in interest, contending that the document has none of the essential elements of a last will and testament.

An examination of the instrument indicates a desire on the part of George H. Williamson to make a declaration of his last will. The formalities required by the law are found to be present, the language employed has every indication of being the deliverance of one who is about to die and desires to leave an

[COPYRIGHT, 1898, BY CARL G. JAHN.]

expression of his last wishes, and he has here embodied statements indicative of his health the reasons for making the declaration herein quoted, declares two persons to be his legitimate daughters, makes a declaration that can be easily construed by any court to be a revocation of whatever may have been done heretofore by him, and declares that this instrument contains the only devises that he has made up to the date of the signing and sealing of the instrument.

But it is contended that the instrument does not fulfil the requirements of a last will and testament. The statute, while attempting—under section 5913—to determine what shall be included under the term "will," and the rules of interpretation that shall be applied in translating an instrument purporting to be a will, makes no attempt to define the expression "will." An examination, however, of the text books, Redfield on Wills, 4th Ed., page 5; Jarman on Wills, page 127; Beach on Wills, page 1; Bouvier Law Dictionary, Anderson, as well as Webster, Worcester and the Century Dictionary, all unite in defining the term "will" as applied to legal matters, to be the disposition of one's property to take effect after death.

The chapter by Maine on Ancient Law is most interesting as bearing upon the essential elements of a valid will, reviewing, as the author does, the growth and developement of the law relating to the making of wills. The conclusion reached is that a last will and testament, to be valid, must contain directions disposing of the property, to take effect after death.

Swinburne, who wrote more than two hundred years ago on the subject (Part 1, page 3 et seq.), says: "Every testament is a last will, but every last will is not a testament. A testament is a just sentence of our will touching what we would have done after death." And the author adds facetiously: "Some there be who do censure this excellent definition, though unworthily, but nothing can contend a curious head."

In modern times no one has given more attention to the study of law of wills than Beach. He defines the term "will and testament" as in general use, to be without distinction and denotes a solemn verbal or written expression of one's wishes in respect to the disposal of property after death. According to the civil law the naming of an executor was of the essence of a will, but, although according to Swinburne this was formerly indispensable, that idea has long been abandoned in England and never reached this side of the Atlantic. Page 2, Beach on Wills.

Anderson, in his Law Dictionary, says: "The legal declaration of a man's intention which he wills to be performed after death, is called will. It expresses the will of the maker as to the direction his property should take. It is the declaration of the mind, either by word or written, in disposing of an estate, to take place after the death of the testator. The essence of the definition is, it is a disposition to take effect after death."

Redfield, whose work on surrogate practice, as well as his excellent treatises on wills, has given him a high place as an author in matters surrogate, says, on star page 44: "All papers of a testamentary character, and this will include all papers in whatever form which are executed with the formalities required in the execution of a will and which relate to the disposition of ones' estate after death, are to be proved in the probate court."

An examination of the leading cases referred to by counsel, many of which are corrollated by Williams in his work on executors, pages 147, 148 and 149, shows that while the doctrine laid down by Lord Hardwicke, namely, that there is nothing that requires so little solemnity as the making of a will of a personal estate, according to the ecclesiastical laws of this realm, yet all cases referred to as sustaining the doctrine contended for in this matter, indicate a plain attempt to dispose of property, and the gist of the decisions in the disposition of one's effects to take place after death. While primarily the term "will," in a psychological sense, refers to the governing power and has to do with the mental determination, yet, in its legal sense it is the expression of one relating to property, which declaration is to take effect only upon death.

Every instrument, therefore, which is offered for probate, that is entitled to be admitted to record, must be examined with a view of ascertaining whether the instrument contains such language —indicating the mind of the testator with reference to his purposes and wishes—as shall be effective in disposing of his property after his death. The test is not to be found in any rule that has been discovered that makes of one class of instruments valid wills and of another invalid ones. Courts of probate are not concerned with the determination of questions that are properly before courts of equity upon an issue as to whether the instrument reflected the mind of the testator, but the single and sole question to be determined is whether the instrument, as shown by the language contained in the document, is in law a last will. With the consideration of this last question this court is pre-eminently concerned.

With the view solely of ascertaining whether there is to be found in the language a plain declaration of the testator's intention to dispose of the prop-

erty of which he was to die seized, the court makes examination of the instrument.

First, it will be noted that the instrument formally purports to be a declaration of intention, for the testator says that he is a resident temporarily of France; that it is his intention to return to this country, and that it has always been his intention to be a citizen of the state of Ohio, subject to its laws. He further makes it plain that his intention, as evidenced by this instrument, is to recognize Georgette and Henriette Williamson as his daughters. His intention also is plainly declared to be that this instrument contains the only devises that he has made. It is equally apparent that he had made no devises in this instrument.

We are not considering the Code Napoleon, nor indeed the law of any other country. The instrument says that he is a citizen of Ohio, and this instrument is to be determined the last will and testament by the laws of Ohio, or it is to be refused probate because it is not such an instrument as is entitled to admission to probate as a last will and testament.

The court is called upon to determine from the instrument whether such declarations, including a desire to revoke former wills, make of this instrument a will. The gist of the entire matter is the disposing of property, and any instrument however formally executed, under whatever name the testator may adopt, does not make a last will and testament in law, unless there shall be found plainly an intention to make such a disposition of property as can be seen from a plain reading of the instrument.

For example, if one were to declare that he was about to make his last will and testament revoking all others, naming no beneficiaries, providing for no bequests, legacies or devices, but were to speak generally of his health or of his family, or of any other matter, failing to make any disposition whatever, there would be no place on the records of any surrogate court for such an instrument.

The law provides for the manner in which estates of intestates shall go; the will provides for the manner in which estates shall pass by will. The only conceivable object that one, therefore, would have in making a will, is the disposition of property in such a manner as it would not go by the laws of intestacy.

The term "will" has been construed to mean a direction that property should take. The mere designation of A and B as daughters, it will not be contended would make them heirs at law, even though declared solemnly in the presence of witnesses.

This is not the manner prescribed by the statute for making one not born in lawful wedlock an heir at law. Section 4182 makes it imperative that such a proceeding should be had by one in open court, declaring, in the presence of the court and two disinterested witnesses, that of his own free and voluntary act, he or she did designate and appoint one, naming and stating the place of residence of such person specifically, to stand toward him or her in the relation of an heir at law in the event of his or her death; and the statute further provides that this must be done upon a written declaration which shall be approved only by the judge when satisfied that the declarant was of sound mind and memory and free from any restraint; which conclusions must be made a matter of record upon the journal of the court. Thereupon, the person thus designated shall be deemed and held to stand in the same relation for all purposes to such declarant as he or she would if a child born in lawful wedlock.

While there is furnished some analogy between the instrument here presented; yet, on careful examination, it will be found that the statute is explicit in the requirement that it shall be a personal application by the declarant "in open court," in the presence of the judge and two disinterested witnesses of his or her acquaintance. Where there is a statute prescribing the mode of proceeding no alternative is left for a substitute. In other words, what is prescribed by statute in a definite way as being accomplished by a proceeding in open court, can not be done otherwise in a last will and testament.

It follows therefore, that this instrument is not entitled under the provisions of this section, to be made a matter of record in this court. If admitted, it must be as a last will and testament. While it is true that the instrument is called by the testator his "last will and testament," yet the designation of an instrument does not give it legal character. The formalities alone would not suffice, the naming of an executor would not be sufficient, the designation of one as a son or daughter would not relieve the difficulty. It is essential that there be a disposition of goods. For, a posteriori, what would an executor have to execute in such an instrument? What rights would follow from the admission of such an instrument to probate? Could an administrator with the will annexed, as would be necessary in the case at bar, proceed under the laws of Ohio to close up an estate under such an instrument? It is not enough that the testator should have said that he desire to recognize two persons as his daughters, that they should be thereby regarded as his heirs at law, and even though it be admitted that his expression was intended to create and establish such

relation, the law does not recognize such a means as a compliance with the provisions of section 4182.

While it may also be admitted that the practice in the English courts of probate has been deflected into occasionally admitting an instrument to probate, where the disposition of property was not had, yet the rule is quite the reverse in this country, and it may be stated generally to be, that there is no place on our records for an instrument which does not purport to dispose of property.

It is no solution of the question at bar to say that while it may not be in law a will, that letters should be issued to an administrator cum testamento annexo, in cases of duty. Either the instrument is a will under which action should be had and complete effect given to the instrument, or the law should be followed governing estates of those dying intestate.

In the case of Williams v. Noland, 32 S. W. Reporter, page 328, it is held that a paper merely declaring the wish of the signer, which contained no disposition of property, was invalid and should be refused probate. And the court say, at page 329: "The only question necessary for solution is whether or not said instrument is a will and entitled to probate. Mr. Jarman defines a will to be an instrument by which a person makes a disposition of his property to take effect after his death, and which in its own nature is ambulatory and revocable during his lifetime. 1st Jarman on Wills, page 26; see, also, Black Law Dict., page 1241. All the law writers, as far as we are informed, define as wills those dispositions made by a party which affect property after death."

"A will," says Rainy, Judge, in the same decision, "is not defined by our statute, but, by reference to Title 99, Wills, it will be seen that the term "will," as there used, only applies to the disposition of property."

The article referred to evidently makes a distinction between a "will" and a "written declaration;" and it is clear that the law makers considered a will as a disposition of property.

As the instrument under consideration does not make a disposition of property, it is not a will in the legal sense, but merely a declaration of a wish. Not being a will, it is not entitled to probate, 3d Redfield on Wills, 2d Ed., p. 56; American & English Ency. of Law, 178.

The only question the court concludes, is whether or not said instrument is entitled to probate, which question we think should be answered in the negative.

Harmon. Colston, Goldsmith & Hoadly for the will.

Matthews & Cleveland, contra.